UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JULIE WILLIAMS, CIVIL NO. 00-1524 (RHK/JMM)

Plaintiff,

v. ORDER

COUNTY OF CHISAGO and
PAUL EBERT,

Defendants.

The above matter is before the Court on Plaintiff's Motion to Compel [Docket No. 14]. The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel [Docket No. 14] is denied.

Dated: June 15, 2001

JOHN M. MASON
United States Magistrate Judge

**MEMORANDUM**

Plaintiff seeks to compel production of personnel records for Gene Bourssa from Chisago County.[1] Chisago County asserts that the information sought is private and need not be produced. Plaintiff has moved for disclosure of the private information

[1] The other requests for relief in the Motion have been resolved by agreement of the Parties, and those aspects of the Motion have been withdrawn.

FILED JUN 15 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD__________
DEPUTY CLERK__________

pursuant to the Minnesota Data Practices Act, Minn. Stat. §13.03 subd. 6, which provides:

> If a state agency, political subdivision, or statewide system opposes discovery of government data or release of data pursuant to court order on the grounds that the data are classified as not public, the party that seeks access to the data may bring before the [Court] an action to compel discovery or an action in the nature of an action to compel discovery. The presiding officer shall first decide whether the data are discoverable or releasable pursuant to the rules of evidence and of criminal, civil or administrative procedure appropriate to the action. If the data are discoverable the presiding officer shall decide whether the benefit to the party seeking access to the data outweighs any harm to the confidentiality interests of the agency maintaining the data, or of any person who has provided the data or who is the subject of the data, or to the privacy interest of an individual identified in the data. In making the decision, the presiding officer shall consider whether notice to the subject of the data is warranted and, if warranted, what type of notice must be given.

In this case, if the Court were considering release of the files, it would be necessary to notify Mr. Bourssa, so that he could have the opportunity to appear and defend his privacy interests. In a situation such as this, where a non-party former employee's records are sought, it is unlikely that his interests could be adequately protected by his former employer. However, we conclude that it is not necessary to give notice to Mr. Bourssa, because we have concluded, after our review of the documents, that his confidentiality interests outweigh the potential benefit to Plaintiff of releasing the files.

J.M.M.